993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick NARCHO, Jr., aka Fred Narcho, Jr., Defendant-Appellant.
 No. 92-10372.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 13, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick Narcho, Jr., appeals his conviction, following a jury trial, for transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(B). Narcho contends that the prosecutor improperly expressed his personal belief in Narcho's guilt during rebuttal argument. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the prosecutor's remarks for harmless error. See United States v. Kerr, 981 F.2d 1050, 1053 (9th Cir.1992); United States v. Prantil, 764 F.2d 548, 556 (9th Cir.1985).
 
 
 4
 Neither the prosecutor nor the defense counsel may express a personal opinion as to the guilt of the defendant. United States v. Young, 470 U.S. 1, 8-9 (1985); see also Kerr, 981 F.2d at 1053. Where improper prosecutorial remarks are made in response to improper arguments by the defense counsel, the remarks must be examined within the context of the entire trial to determine whether the prosecutor's conduct amounted to prejudicial error. See Young, 470 U.S. at 11-12.
 
 
 5
 Here, during closing argument, the defense counsel made the following statements:
 
 
 6
 COUNSEL: Well, the way I see it, that is the most key evidence in this case. The Government's witness comes in and says: Mr. Narcho confessed to the crime. That is a pretty important piece of evidence. I mean, that is the link for the Government to make.
 
 
 7
 If that is such an important piece of evidence, why is it that the Government has it tucked away in the mind of Agent Roudabush and has no testimony, has no evidence whatsoever that this interrogation and that this confession actually took place?
 
 
 8
 ....
 
 
 9
 I think that ... [the fact that the government had two illegal immigrants sign written statements in English although there was no evidence that they could read or speak English] is indicative of the type of investigatory techniques that were used in this investigation ...
 
 
 10
 ....
 
 
 11
 I urge you to consider the evidence that you have heard, the conflicts in the evidence that you have heard, the reasonable reasons for people testifying the way that they did, their motivations, the evidence that was presented, the evidence that was not presented, why it wasn't presented; and I think that when that is done, you will return a verdict of not guilty on behalf of Fred.
 
 
 12
 In rebuttal, the prosecutor made the following remarks:
 
 
 13
 PROSECUTOR: I am not going to tell you what my personal opinion is about anything. My opinion is completely irrelevant from the issues that you have to decide, so I am not going to stand up here and tell you: Well, ladies and gentlemen, I think this and I think that; I am not going to do that. It is something that should have no effect on your deliberations.
 
 
 14
 But I don't want you to believe that because I am not up here spouting my personal opinion, that I don't have a firmly held view about the case that you present to juries, and this case in particular. I would be more than pleased when the case is over to talk to any of you about what I think about the law or anything else.
 
 
 15
 COUNSEL: I object.
 
 
 16
 The district court sustained Narcho's objection to the prosecutor's remarks. Narcho did not request any curative instructions and none were given.
 
 
 17
 The government contends that the prosecutor's remarks were invited by defense counsel's closing argument to the jury. We need not address this contention, however, because we conclude that any error was harmless. The evidence against Narcho was overwhelming. Two United States Customs officers testified that Narcho stepped out of a car approximately one hundred yards before a vehicle check point near the Mexican border. When the car reached the check point, the officers observed four illegal aliens laying down on the back seat. The officers testified that Narcho approached them on foot and tossed a one hundred dollar bill on the ground. Border Patrol Agent Herbert Roudabush also testified that Narcho admitted that he was helping the illegal aliens cross the border for a fee of approximately one hundred dollars and that he knew they were illegal aliens. In view of the overwhelming evidence against Narcho, we conclude that any error was harmless. See Young, 470 U.S. at 19-20; cf. Kerr, 981 F.2d at 1054.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3